Ellis J. Staley, Jr., J.
This is a motion to set aside service of the summons and to dismiss the complaint on the ground that the court: (1) has no jurisdiction of the subject matter of the action; (2) has no jurisdiction of the persons of the defendants; (3) that the complaint fails to state a cause of action.
The plaintiff seeks to bring an action pursuant to article 15 of the Real Property Law to compel the determination of claims to real property. The plaintiff entered into three leases for terms of more than five years with three separate owners of real property located in the County of Columbia, State of New York which provided for the erection of billboards for advertising purposes.
*704 Pursuant to the provisions of section 361-a of the Public Authorities Law and article Five of the Eules and Begulations for the Use and Occupancy of the Thruway System, the plaintiff was directed to remove the said billboards by reason of the fact that they were within 660 feet of the nearest edge of the right of way of the New York Thruway. The plaintiff claims that it had a right to maintain its billboards at the places and on the real properties where they had been erected and the actions of the defendants in directing their removal was the assertion of an adverse claim to the properties described in the said leases.
It is a fundamental rule of jurisprudence that the State may not be sued without its consent and that a waiver of immunity from suit must be clearly expressed. (Maloney v. State of New York, 3 N Y 2d 356.)
The New York State Thruway Authority is an arm or agency of the State and there is no jurisdiction in any court of any suit against the Thruway Authority except as the Legislature has in terms created such jurisdiction. (Easely v. New York State Thruway Auth., 1 N Y 2d 374; Matter of New York Post Corp. v. Moses, 10 N Y 2d 199; Benz v. New York State Thruway Auth., 9 N Y 2d 486.)
The Legislature has waived the immunity of the New York State Thruway Authority in suits based on torts and breach of contract and in these cases has conferred exclusive jurisdiction to the Court of Claims. (Public Authorities Law, § 361-b.) The Legislature having failed to confer jurisdiction in other types of actions to the Court of Claims or to the Supreme Court the present action may not be maintained against the Thruway Authority.
Section 508 of the Eeal Property Law permits an action under article 15 to be brought against the People of the State of New York. This statute, however, may not be construed to permit such a suit against the Thruway Authority. The Thruway Authority is an arm or agency of the State, bxxt it is not the State itself and it enjoys an existence separate and apart from the State. (Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v. New York State Thruway Auth., 5 N Y 2d 420.) The plaintiff in this action apparently is in accord with this position since its action is brought against both the People of the State of New York and the New York State Thruway Authority.
As to the People of the State of New York the complaint alleges' “ that said defendant may have some claim, lien or interest in the aforesaid realty by reason of the enactment of section 361-a of the Public Axxthoriti.es Law and the amendments *705 thereto ” and “that the defendants unjustly claim and it appears from the public records that they may claim an estate or interest in the above described premises adverse to that of the plaintiff in that section 361-a of the Public Authorities Law purports to regulate the advertising signs of the plaintiff.”
Section 361-a of the Public Authorities Law is a grant of police power by the Legislature to the Thruway Authority to restrict and regulate advertising signs along the Thruway. This power is to be exercised by the Thruway Authority and not by the State. Assuming then that the exercise of this power results in a claim, lien or interest in realty, the assertion of such claim then would be an assertion by the Thruway Authority not the State. The Thruway Authority, however, in using its powers under section 361-a is doing so by virtue of the fundamental authority of the police power itself and not under any theory of real property, estate, right or interest. (Weigert v. New York State Thruway Auth., Special Term, Ontario County, Newton, J., Aug. 22,1962.)
Interference with the use of real property by the exercise of police power is not regarded as an appropriation of that property. (People v. Havnor, 149 N. Y. 195.)
An action under article 15 of the Real Property Law is one to compel the determination of any claim to real property adverse to that of the plaintiff. Since the exercise of a police power may not be considered a claim, estate or interest in real property, the plaintiff has not alleged facts sufficient to constitute a cause of action against either of the defendants.
The summons will, therefore, be set aside and the complaint dismissed.